O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SOFIA FLORES,<br><br>                 Plaintiff,<br><br>        v.<br><br>FCA US LLC, et al.,<br><br>                 Defendants. | Case № 2:20-cv-6278-ODW (KSx)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [25]** |

  Before the Court is Plaintiff Sofia Flores's Motion to Remand to Los Angeles County Superior Court ("Motion"). (*See* Mot. Remand ("Mot."), ECF No. 25.) After carefully considering the papers filed in connection with the Motion, the Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the motion hearing scheduled for September 21, 2020.

  On June 11, 2020, Flores initiated this lemon-law action in the Superior Court of California, County of Los Angeles, asserting claims against Defendant FCA US LLC pursuant to the Song-Beverly Consumer Warranty Act. (*See* Decl. of Michael J. Gregg ("Gregg Decl.") Ex. A ("Compl."), ECF No. 1-2.) FCA filed its Answer on July 14, 2020, and removed the case to this Court on July 15, 2020, on the grounds of

alleged diversity jurisdiction.  (*See* Gregg Decl. Ex. D ("Answer"), ECF No. 1-5; Notice of Removal, ECF No. 1.)  On July 30, 2020, Flores timely amended her Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B).  (*See* First Am. Compl. ("FAC"), ECF No. 14.)  In her FAC, Flores added a claim for negligent repair against non-diverse Defendant FAB4 LLC dba Russell Westbrook Chrysler Dodge Jeep Ram of Van Nuys (collectively with FCA, "Defendants").  (*See* FAC.)  Flores now moves to remand on the ground that FAB4 destroys diversity jurisdiction.  (Mot. 5.)  Flores noticed the hearing on the Motion for September 21, 2020, which required Defendants to file any opposition no later than August 31, 2020.  *See* C.D. Cal. L.R. 7-9.  However, to date, Defendants have filed no opposition.[1]

Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date.  C.D. Cal. L.R. 7-9.  A party that does not file an opposition may be deemed to consent to the granting of the motion.  C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules); *see also Duke Partners, LLC v. Wardop*, No. 5:16-CV-00950-CAS (DTBx), 2016 WL 10968144, at *1 n.1 (C.D. Cal. June 20, 2016) (noting that defendants' failure to oppose motion to remand "provides grounds for granting the motion" under Local Rule 7-12 and *Ghazali*).

Before granting a motion as unopposed pursuant to a local rule, courts consider: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures.  *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors are not required."  *Ismail v. Cty. of*

---

[1] On the same date that Flores moved to remand, FCA moved to strike the FAC as improper.  (*See* Mot. Strike, ECF No. 22.)  Five days later, FAB4 moved to dismiss the FAC as against FAB4.  (*See* Mot. Dismiss, ECF No. 26.)  Those motions are set for hearing on October 19, 2020.  Accordingly, the time for briefing Defendants' motions has not yet elapsed.

*Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).  In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so.  *See Ghazali*, 46 F.3d at 54; *see also Masi v. J&J Maint., Inc.*, No. 19-CV-00121-KJM (EFB), 2019 WL 5079550, at *2 n.2 (E.D. Cal. Oct. 10, 2019) (noting that "[c]ourts have considered [the *Ghazali*] factors in the context of an unopposed motion to remand").

Consideration of the *Ghazali* factors convinces the Court that granting the Motion is appropriate.  Notably, *Ghazali* concerned dismissal of an action, but here the Motion is for remand, where the risk of prejudice to the parties is comparatively reduced: the action continues, just not in this forum.  Further, Flores set the Motion hearing for September 21, 2020, requiring Defendants to oppose by August 31, 2020.  (*See* Mot.); C.D. Cal. L.R. 7-9.  She met and conferred with Defendants regarding the Motion nearly three weeks before she filed it.  (*See* Decl. Diana Jung ¶ 3, Ex. 1, ECF No. 25-2.)  Thus, Defendants had notice of the Motion and ample opportunity to respond, yet they have nevertheless failed to oppose.  Indeed, instead of opposing Flores's Motion, Defendants filed motions of their own.  (*See* Mot. Strike; Mot. Dismiss.)

Defendants are actively engaged in this matter, yet have not responded to Flores's Motion.  They offer no excuse for failing to oppose.  As such, the Court deems Defendants' failure to respond as consent to the Court granting Flores's Motion.  Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Flores's Motion to Remand.  (ECF No. 25.)

The Court hereby **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, California 90012.  FCA's Motion to Strike (ECF No. 22) and FAB4's

Motion to Dismiss (ECF No. 26) are **DENIED** as moot and without prejudice. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 15, 2020

```
                    _____
                         OTIS D. WRIGHT, II
                     UNITED STATES DISTRICT JUDGE
```